Shackeleobd, J.,
delivered the opinion of the Court.
The original bill in this cause was filed by the complainants, McDaniels and "Williams, on the 18th of June, 1858, against David L, Goodall, a citizen of Sumner County, and John D. Goodall, a citizen of Virginia, in the Chancery Court of Sumner, to attach a fund in the hands of David L. Goodall, as the executor of Charles - Goodall, which they allege in their hill, belongs to John D. Goodall, in right of his wife Elizabeth, deceased. They aver John D. Goodall was indebted to them by judgment rendered in the Chancery Court of Sumner, at the October Term, 1840, in their favor, against him. It appears John D. Goodall intermarried with Elizabeth Belate, and shortly thereafter he sold her interest in her father’s estate to the complainants, McDaniels and Williams, for $600. The wife of John D. Goodall brought her suit in the Chancery Court of Sumner to set aside the conveyance, which was done; and a decree, at the October Term, 1840, was rendered against McDaniel and Williams for $700, in favor of Elizabeth Goodall, and the fund was settled on a trustee for her sole and separate use, free from the debts and contracts of her husband, John D. Goodall. Charles Goodall, the testator of David L., was, at a subsequent term, appointed the Trustee, and the fund paid over to him. In adjusting the equities *393 of the parties, tlie Court rendered a decree against John- D. Goodall in favor of Williams and McDaniel for $700, the amount he had received from them in the purchase of his wife’s interest in her father’s estate. Elizabeth Goodall is now dead, and this fund has been attached to pay this judgment. Guild and Allen purchased an interest in this decree of 1840. A pro confesso was taken as to John D. Goodall. David L. Goodall answered and denied the equity of the bill, insisted the judgment was void, and if not void, was barred by lapse of time — that more than sixteen years had elapsed since the decree was rendered— no execution ever having issued, the presumption of the law was, it was paid. He also claimed that John D. Goodall had assigned whatever interest he had to the children, and claimed the property for them. David L. Goodall as the guardian of one of the children of Elizabeth, filed his cross bill against the complainants, Guild and Allen, on the 14th day of September, 1859, in which he sets up the equities of the children, and charges the fund belongs to them by transfer, or gift of the father, John D. Goodall; that his marital right did not attach, but whatever interest he had was transferred to the children. The bill was answered by the complainants, Guild and Allen, in which they assert the marital rights of the husband attached, and on the death of Elizabeth, the property or fund vested in John D. Goodall. The record of the suit of Elizabeth Goodall was filed as evidence. There was no proof of the solvency or insolvency of John D. Goodall, or any proof on the part of the complainants of *394 a demand or promise to pay the decree since its rendition, on the part of John D. Groodall. No execution ever issued from the decree.
There was a decree for the complainants; the record has been filed for error.
Several questions have been made in the argument. It is insisted the decree in this case, rendered at the October Term, 1840, against John D. Groodall, in favor of McDaniel and Williams, is void. To this proposition we cannot assent. Upon an examination of the record in that case, it will be seen it was rendered upon a settlement of the matters of equity in the suit between the parties. They were all before the Court, and it had jurisdiction in the adjustment of the equities of the parties. The decree in this case recites upon its face, and assumes the existence of all the facts that would authorize the Court to pronounce the decree. This being done, it is valid: James vs. Read, 1 Hum., 342. It is insisted for defendant, no execution having ever issued from the decree of October Term, 1840, against John D. Groodall, and there being no proof of any payment, demand or promise to pay, more than eighteen years having elapsed before filing the bill in this case, it amounts to plenary proof of payment. This, it is said, is removed by the pro confesso taken in the cause vs. John D. Groodall.
The answer of David L. G-oodall, in whose hands the fund is attached, claims it as the guardian of the children of Elizabeth, and he relies upon the presumption of payment, and denies the equities of coni- *395 plainants’ bill. It is a well settled principle of this Court, if a joint defendant answers a bill, and removes the equity set up against himself, and the other defendant, who does not answer, no decree can be rendered against defendants failing to answer: 10 Hum., 555; 8 Hum., 500. This being the law, the question arises, did the presumption of payment attach to the decree rendered at the October Term, 1840, in favor of Williams and McDaniel? This principle has been too well established to be now disturbed. 2 Head., 405, the Court says, “if a bond or note under seal be suffered to lie dormant for sixteen years, without demand or payment of interest, or other explanatory circumstance, the presumption of payment will arise.” This rule, like other technical rules, derives from the law one effect that Courts cannot disregard, and unexplained, has all the force and effect of plenary proof of payment. This principle has been repeatedly settled by this Court: 5 Sneed, 202 — in which case the Court says the rule is arbitrary, because one day less than sixteen years will be insufficient. It is now a fixed and stable rule of evidence, and the Court will apply it without the aid of a jury: Greenleaf, vol. 1, par. 39. In the case of Deeper vs. Ewen, when a judgment had been rendered and no execution had issued for nine years, the plaintiff being a close collector, the Court left the presumption of payment to the jury under the circumstances of the case: 5 Yer., 97.
This rule applies to judgments and decrees, as well *396 as to specialities: 1 Greenleaf, par. 39. It is a rule of law founded in reason. In the lapse of time the evidences of the payment are lost — the witnesses have died, and great injustice might be done. Men cannot be required to preserve through life the acquit-tances which prove the debts or judgments to be satisfied: Angel on Lim., p. 10.
The complainants in the original bill, not having produced any proof to refute the presumption of payment arising frorp. lapse of time, are not entitled to recover. The administrator of Mrs. Elizabeth Goodall was a necessary party to the suit. The interest of Jhhn D. Goodall, the husband, could only have been reached through her administrator, and he was no party to the original or cross bill. In the view we have taken of the law governing this case, it is unnecessary to determine as to the, marital rights of John D. Goodall. The proper parties are not before the Court.
The decree of the Chancellor will be reversed, and the bill dismissed.