Opinion by
Head, J.,
No question is raised as to the sufficiency of the prima facie case presented by the plaintiff. The lease was in writing. Its execution was not denied. The period for which a recovery was sought was within the term named in the lease, and the amount of the rent due by the lessee, if any were due, was in no way disputed in the pleadings or evidence. The single defense offered was that during the term the lease had been surrendered by the lessee and the surrender accepted by the lessor.
This character of defense put the defendant in the attitude of an actor, and the burden was shifted to the lessee to establish by proof the surrender and acceptance on which the defense rested. It was said by Mr. Justice Paxron in Auer v. Penn, 99 Pa. 370: “A surrender of demised premises by the tenant during the term, to be effectual, must be accepted by the lessor. The burden of proof is upon the tenant to show such acceptance. He sets it up to relieve himself from his covenant, and must prove it.” And if the alleged surrender be made, not to the owner of the reversion but to an alleged agent, then *548 the burden is upon the party setting up such surrender and acceptance to establish by proof the authority of the agent to accept it. In Murphy v. Losch, 148 Pa. 171, the syllabus is as follows: “When a tenant abandons leased premises, with notice to the agent of the lessor who had collected the rent for the premises, he will not be relieved from liability under the lease, unless it be shown that the agent had authority to accept a surrender.” Although the judgment in that case was affirmed by the Supreme Court in a brief per curiam opinion, it cannot be doubted that the soundness of the legal principle stated in the syllabus quoted was necessarily affirmed.
Authority for the same proposition may also be found in Jamestown & Franklin R. R. Co. v. Egbert, 152 Pa. 53; and Springer v. Natural Gas Co., 145 Pa. 430. In the light of this controlling principle, how did the defendant lessee discharge the burden of proof resting upon it? It offered in evidence a paper of which the following is a copy, omitting date and signature:
. “Received of Singer Manfg. Co. Four & 62/100 Dollars Rent in full to July 7 Bal to be collected from Weaver subtenant.”
Can this be said to furnish conclusive evidence in writing of the alleged surrender by the lessee and an acceptance by the lessor, and a consequent destruction of the relation of landlord and tenant which had previously existed between the plaintiff and the defendant? We think not. It certainly does not undertake to express in any such language as would be ordinarily used the intention of the parties to extinguish the original lease. It declares that the man Weaver was “a subtenant.” If he was a subtenant, he was in not under the owner but under the tenant. The paper, therefore, in defining his status as a subtenant, would be in affirmance of the existence of the lease, without which there could be no subtenant.
Omitting from consideration so much of the paper as is only a receipt for rent, the remainder of it lends itself quite readily to the construction that the arrangement *549 there intended to be indicated was one between the tenant and subtenant rather than between the former and the owner. If there was nothing more in the record than the naked offer of the paper, we do not think the learned trial judge would have been justified in determining, as matter of law, that the defendant had established its defense and in directing a verdict in its favor. In addition to what has already been said, it appeared that the paper was signed, not by the owner but by one Edmundson who was an employee of the trust company which had leased the property for the owner and been collecting his rent. Even then if we should agree that the paper, when properly construed, revealed an acceptance of a surrender by the tenant, there would still remain on the latter the burden of showing that the agent who signed had authority to accept such surrender. The only attempt to do this, if indeed any attempt were made, was to call the said' Edmundson as for cross-examination. His testimony showed that at the time the lease was made he was in the service of the trust company, the renting agent of the owner. His connection with that company had ceased before the trial. The defendant contented itself with proving on such cross-examination that the trust company, through the witness, had rented the property for the owner, and that the same company, again acting through the witness, had signed the paper offered in evidence and already referred to.
Because a person or corporation is authorized by an owner of property to rent it and collect the rents, there is no legal presumption of a grant of further authority to accept a surrender from a tenant during the existence of a term and release him from an established liability. Without the use of such a presumption the defendant wholly failed to show that the execution of the paper it offered was within either the real or apparent scope of the authority of the party who signed it. There was no evidence at all that the alleged agent had, either before or since the transaction in question, undertaken to exer *550 cise such authority with the knowledge, consent or subsequent ratification of the principal, and there was no attempt to show any other authority in fact except what might be inferred from the execution of the original lease creating the tenancy and the collection of the rents therein provided for. As already stated, there is no legal inference of the authority in question from the act in evidence. The defendant therefore failed in establishing the essentials of the only defense it offered, and there remained nothing to be done except to declare that the original lease remained in full force and effect and direct a verdict for the lessor for the amount that would be confessedly due thereunder were that lease in force.
There was testimony received over the objection of the defendant, but not in any way denied, that the lessee had become desirous of surrendering the lease and being relieved from further liability for rent; that the owner had been requested to agree to that proposition and had absolutely refused to do so; that this refusal had been conveyed to the lessee and that the arrangement, indicated by the paper in evidence, was for the benefit and in relief of the lessee as far as that could be accomplished. The witness was in no way incompetent to so testify. He had no interest whatever in the question at the time of the trial, having previously severed his connection with his former employer. He was not attacking the paper which he had made, nor was his testimony offered with the idea of contradicting or reforming that paper. We have already'seen that it would be in harmony with a construction of the paper supported by the terms it used, and generally spealdng tended but to remove any obscurity that might exist on account of the language in which it is phrased. From our view of the whole case, we are satisfied it was properly tried on its merits, and the record exhibits no reversible error that would warrant us in disturbing the judgment entered. The assignments of error are overruled.
Judgment affirmed.