# Howard, Appellant, v. Boverman.

*Landlord and tenant—Judgment—Opening confessed judgment. —Rent.*

A judgment confessed under a warrant of attorney in a lease will be opened where the defendant in his petition for a rule to open the judgment, avers that the rent had originally been $25 per month, that it had been reduced to $15 per month, and that this amount had been paid, and supports the averments of his petition by the exhibition of a large number of monthly receipts for rent paid at the reduced rate of $15 per month.

Argued Dec. 14, 1916. Appeal, No. 140, Oct. T., 1916, by plaintiff, from order of C. P. No. 5, Philadelphia Co., Dec. T., 1915, No. 2755, making absolute rule to open judgment in case of T. Reece Howard v. H. Boverman and I. Slubin. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Rule to open judgment.

*Error assigned* was order making absolute rule to open judgment.

*Gerald Ronon,* with him *Leighton P. Stradley,* for appellant.

*Frederick S. Drake,* with him *John Weaver,* for appellees.

OPINION BY HEAD, J., July 13, 1917:

The plaintiff was the owner of certain basement premises in the City of Philadelphia which he demised to the defendants under a written lease. By the terms of the instrument the rent reserved was twenty-five dollars per month. At the expiration of the first year the defendants held over and the lease, by its terms, was renewed for another year. The lease contained a warrant of attorney authorizing the lessor, at any time when the rent should be in arrears, to begin an amicable action of ejectment to recover the possession of the premises and to confess judgment in such action against the defendants. This was done without any knowledge on the part of the defendants who at once made application to the Court of Common Pleas to open the said judgment and permit them to defend. A rule to show cause was granted which the learned court below afterwards made absolute and the plaintiff appeals.

The petition averred that after the execution of the lease the lessees found themselves unable to pay the rent agreed on and that the landlord, desiring to retain them as tenants and not to have the premises vacated, consented to a reduction of the monthly rental from twenty-five to fifteen dollars. If this agreement was in fact made, there was no rent in arrears at the time the judgment was confessed. The averment of the petitioners in this respect was strongly corroborated by the exhibition of a

83, (1917).]          Opinion of the Court.

large number of monthly receipts for rent paid at the reduced rate of fifteen dollars per month.  The lessor denied the making of any such agreement and alleged the payments evidenced by the receipts were but payments on account.  The receipts themselves are not absolutely conclusive on the lessor because they simply state the money paid was "for rent or in some instances for the rent due for a certain month."  Thus for instance there is one receipt for fifteen dollars "for rent due September 9, 1915"; another for a like sum "for rent due October 9, 1915, in advance for basement."  There were three separate receipts for five dollars each, two of which stated they were on account of the August rent, while the third one declared it to be the balance of the August rent.

Under such a state of facts it cannot be successfully argued the learned trial judge was guilty of any abuse of discretion in making the rule absolute and permitting the defendants to have the question of fact passed upon by a jury.  The assignments of error are overruled.

The order of the court making the rule absolute is affirmed and the record remitted to the court below with a procedendo, the costs of this appeal to be paid by the appellant.