## Jones v. Silverman, Appellant.

Argued October 12, 1928.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Maurice G. Weinberg,* for appellant.—The action of the landlord interferred with defendant's enjoyment of the premises and amounted to an eviction: Metzger v. Arcade Bldg., 102 Wash. 423; Donovan v. Koehler, 119 App. Div. 51, N. Y.; Hoeveler v. Fleming, 91 Pa. 322; Ins. Co. v. Myers, 4 Lanc. L. R. 151.

*James W Tracey, Jr.,* for appellee.

OPINION BY TREXLER, J., January 25, 1929:

The plaintiff brought suit to recover rent alleged to be due. The defense was that owing to the installation of a heating device beneath the storeroom occupied by the defendant, the place was excessively heated and he was unable to carry on his business of selling fruits and produce. The matter was heard by the judge without a jury. The judge decided "that there was not anything in the action of the landlord which constituted an eviction or against which the defendant would not have been able to have protected himself if he was not desirous of removing from the premises."

There was no exception taken at the trial. There was a motion for binding instructions and after a decision in the plaintiff's favor, a motion for judgment n. o. v. The only question before us is whether there was sufficient evidence to support the judgment. The court exercising the functions of a jury was required to weigh the testimony and was not compelled to accept the version of the matter given by the defendant and his witnesses.

338

The landlord testified that there was means of stopping off the heat from the storeroom, but when the damper was closed someone opened it and that the defendant never complained to him about the heat. The agent stated that the defendant "made complaint about six weeks prior to moving out, the heat was damaging his produce." The agent's reply was that he had nothing to do with the heating system, that his business was to collect the rent. A witness testified that the agent told the wife of the tenant that if it was too hot, the tenant could get out, but this did not bind the plaintiff in the absence of proof of authority. An agent with power to lease and collect rents has not authority to accept a surrender of the term: Edmundson v. Singer Sewing Machine Co., 51 Pa. Superior Ct. 545.

The defendant testified that the heat was turned on, but that neither he nor his employees ever turned it on. One of the witnesses testified that the heat came up through the floor and when pressed to be exact, said the opening was big enough to put his toe in it. The trial judge evidently thought that the defense made was not sincere and that the heated condition of the storeroom could have been obviated if the tenant had desired so to do.

The judgment is affirmed.