## Sciabia v. Peters et ux.

*John G. Love*, for plaintiff; *J. K. Johnston* and *P. H. Johnston*, for defendants.

FLEMING, P. J., July 1, 1932.—This matter is before us upon a rule to show cause why a judgment in ejectment should not be opened. The judgment was entered by virtue of a warrant of attorney contained in a certain lease for a house and lot in Spring Township, Centre County, Pa., dated February 2, 1931, wherein the plaintiff is the lessor and the defendants are the lessees. The original term specified was one month, but the lease contains the further provision that "unless a fifteen-day notice to quit, or of surrender of premises, be given by the parties hereto, their lease shall without further writing be renewed at its expiration for a like term under the same rental, covenants and conditions." The original rental specified in the lease is $18 per month, "payable at the expiration of each month."

The averment of default contained in the statement and confession filed is that no rental whatever has been paid since payment of the instalment due November 2, 1931. The petition to open judgment does not deny this fact, but avers that after payment of the instalment of $18 due upon July 18, 1931, the plaintiff agreed to reduce the rent to $15 per month, and, therefore, contends that the written lease was superseded by a verbal agreement containing no authority to confess judgment in ejectment and thus rendering the judgment so confessed void ab initio.

In support of such contention, the defendants cite Howard v. Boverman, 67 Pa. Superior Ct. 83. This case is manifestly different from the instant case. The dispute was as to whether a default in rental existed. Here such default is not denied. Defendants admit that they have not paid even the alleged reduced rental of $15.

Mr. Justice Moschzisker, in Haines v. Elfman, 235 Pa. 341, 345, says:

"A modification of a contract of letting in the single particular of the amount of rent to be paid, may be made without varying the other conditions contained in the lease; such a change is not of necessity, either in law or in fact, an abandonment by either party of any of his other rights under the contract as drawn."

The variance of the rental is the only allegation set forth by the defendants. This variance having been to the benefit of the defendants further intensifies the justice of the rule set forth above. Defendants' contentions are without merit.

And now, July 1, 1932, the rule to open judgment is discharged and the sheriff directed to proceed.

From S. D. Gettig, Bellefonte, Pa.