MacBrine-McAdams Realty Company, to use, *v.* Morris et ux., Appellants.

Argued November 10, 1937.

Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and
RHODES, JJ.

*John B. Martin,* with him *Duane, Morris & Heck-
scher,* for appellants.

*Frank J. Eustace, Jr.,* for appellee.

OPINION BY JAMES, J., January 27, 1938:

This is an action of assumpsit for rent, brought by
William W. McAdams, use plaintiff, against Edgar D.
Morris and his wife, Helen, which was tried before a
judge, without a jury, who found for the use plaintiff.

On July 23, 1931, Edgar D. Morris and his wife,
Helen, leased a house from the MacBrine-McAdams
Realty Company, agent, for the term of one year, be-
ginning August 15, 1931 at a rental of $80 per month. On
July 1, 1932 the lease was assigned to William W. Mc-
Adams. The lease contained, inter alia, the following

clause: "Either party may terminate this lease at the expiration of the term hereby created, by giving to the other 60 days' written notice of intent so to do, but in default of such notice, this lease, with all the conditions and covenants thereof, shall continue for the additional term of one year and so on from year to year until terminated by either party giving to the other 60 days' written notice of intention to terminate said lease at the expiration of the then current term ......" The lessees remained in possession until September 14, 1932, and paid the rent to September 15, 1932. The premises were not rented during the remaining portion of the yearly term, and for the rent from September 15, 1932 to August 15, 1933, suit was brought.

Plaintiff's testimony was that no notice was given prior to June 15, 1932; that beginning in July, 1932 the parties had discussed a reduction in rent and the making of certain repairs, as a result of which a new lease was submitted by the lessor, but never executed or accepted by the lessees. Defendants' testimony was to the effect that a notice had been mailed to the lessor more than sixty days prior to the termination of the lease, and that certain discussions had taken place as to a reduced rental and the making of repairs to the premises. The trial judge found that defendants did not give written notice to the lessor sixty days prior to the end of the original term, and further found that no agreement subsequent to June 15, 1932 had been entered into between the parties.

Under the first statement of questions involved, appellants argue that the court erred in affirming plaintiff's twelfth request for findings, to wit, "Said lease being in writing, the terms thereof cannot be varied or altered by parol evidence." There being no proof of fraud, accident or mistake, the lease could not be varied or altered by parol evidence, and the court was correct in affirming this request: *Gianni v. Russell & Co., Inc.,*

281 Pa. 320, 126 A. 791. Appellants argue, however, that by so ruling, the court excluded any consideration of the testimony relating to the alleged subsequent oral agreement modifying the terms of the written lease, which has repeatedly been held may be done: *Sferra v. Urling,* 324 Pa. 344, 188 A. 185. This argument is fully answered in the opinion of the court below, when, in discussing certain conversations relating to reduction in rent and the making of certain repairs to the premises subsequent to the time when the lease could be terminated, he said: "It was, of course, within the power of the parties to terminate the lease by mutual agreement at any time, but this was not done." In reaching his conclusion, we are unable to find that the court below based it upon any erroneous conclusion of law.

Appellants' second statement of questions involved relates to the exclusion of the following testimony of the wife defendant: "Q. Did you have any conversation with anybody else who came out to see you with respect to this lease? A. I had a conversation with Mr. Francis McAdams, Jr., and his wife. (Objection sustained). Q. Is there any other conversation you had with anybody with respect to this lease? (Objection sustained)." These questions were asked the witness after she had testified at length concerning certain discussions which she had in August, 1932 with Mr. Huberman, a representative of the assignee, concerning the reduction of rents and the making of certain repairs to the premises. The basis upon which appellants argue that the conversation with Francis McAdams, Jr., was admissible, is that he was a stockholder in the lessor corporation and at various times the defendants left checks or cash with him to be turned over to the corporation. Neither of these circumstances establishes that McAdams had authority to make a new agreement terminating or modifying the terms of the lease. The

mere fact that Francis McAdams was a stockholder of the corporation gave him no authority to represent it as its agent, in dealing with third persons: *Puritan Coal Mining Co. v. Penna. R. R. Co.*, 237 Pa. 420, 85 A. 426. Nor can such authority be inferred from the mere receipt of rent to be delivered to the lessor: *Edmundson v. Singer*, 51 Pa. Superior Ct. 545. In accepting the rents for delivery to the lessor, McAdams was acting solely for the convenience of the lessees. He was neither the employee nor the agent for the lessor or its assignee, and anything said by him or by his wife could in no way bind the use plaintiff. The second question, as to whether the witness had a conversation with anybody else, was so general and vague as to be clearly improper.

The assignments of error are overruled and the judgment is affirmed.