The TITLE GUARANTY & TRUST COMPA-
NY of Chattanooga, Appellee,

v.

Curtis C. JOHNSON, Jr., et al., Appellants.

Court of Appeals of Tennessee,
Western Section, Knoxville.

May 25, 1972.

Certiorari Denied by Supreme Court
Oct. 2, 1972.

Atchley, Atchley & Cox, Chattanooga,
for appellants.

Harris, Moon & Meacham, Chattanooga,
for appellee.

MATHERNE, Judge.

The issue on appeal is whether, under
the facts, a title insurance company is sub-
rogated to the rights of its insured mortga-
gee as against the defaulting mortgagors

who made false warranties in the insured second mortgage, and as against the grantors of the mortgagors on their false warranties and covenants as in their deed contained. The defenses asserted against the title insurance company are culpable negligence on its part, the six year statute of limitation, and laches.

The Chancellor held the title insurance company, under the facts, was entitled to subrogation, and gave judgment against the defaulting mortgagors and their grantors in the sum of $2,154.26 paid by the title company to its insured, plus $1,335.64 interest from the date the title company paid its insured, plus $850.00 attorney's fee, or a total judgment of $4,339.90. The Chancellor further gave judgment over against the defendant mortgagors in favor of their grantors.

The mortgagors, defendants Claude L. Johnson and wife, Helen Johnson, did not perfect an appeal to this Court. The grantors of the mortgagors, defendants Curtis C. Johnson, Jr. and wife, Helen L. Johnson, appeal and by four assignments of error attack the Chancellor's decree.

■ Under the authority of Castleman Construction Company, et al v. Pennington, et al (1968) 222 Tenn. 82, 432 S.W.2d 669, a title guaranty company can claim by subrogation the rights its insured mortgagee has against the grantor of the insured mortgagee. The Court in that case did fully review the equitable doctrine of subrogation, and the present lawsuit must be considered in the light of the definitions, limitations, purpose and application of the doctrine as in the *Castleman* case set out.

The defendants Claude L. Johnson and Curtis C. Johnson, Jr. are brothers. Their father, Curtis C. Johnson, owned the property in question, Lot 12 of Dogwood Subdivision of the Durham Land Company in the Third Civil District of Hamilton County, Tennessee. The father also owned Lot 11 of that subdivision, he having acquired both lots by warranty deed from Scoggins,

recorded on July 3, 1947. A few weeks after he purchased the lots, the father gave Lot 12 (the one in controversy) to his son Curtis C. Johnson, Jr., and he gave Lot 11 to his son Claude L. Johnson. There was no deed or other written muniment of title given to either of the lots. Curtis C. Johnson, Jr., moved onto Lot 12, lived in a small building on the lot for a period of seven years, then moved to the state of Florida. A year or two after moving to Florida that defendant built a house on Lot 12.

By warranty deed dated July 9, 1959, Curtis C. Johnson, Jr., and wife, Helen L. Johnson, conveyed Lot 12 to Claude L. Johnson and wife, Helen Johnson. The reference to title made in that deed is: "REFERENCE is made for prior title to Book 941, page 629, of the Register's Office of Hamilton County, Tennessee" which reference is to the deed from Scoggins to the father, Curtis C. Johnson. The granting clause and notary certificate in the deed name "Curtis C. Johnson" whereas it is signed "Curtis C. Johnson, Jr." It is to be noted the grantors in the foregoing deed had no title to the land purportedly conveyed.

Claude L. Johnson and wife, Helen Johnson, executed a deed of trust dated July 30, 1959 to J. M. Kemp, Trustee, conveying Lot 12 to secure a note payable to First Federal as therein described. This deed of trust was apparently recorded in Book 1365, page 623, of the Register's Office of Hamilton County, and was made for the apparent purpose of obtaining the purchase money required.

On March 10, 1960, Claude L. Johnson and wife, Helen Johnson, executed a second deed of trust to complainant as trustee, conveying Lot 12 to secure a note of even date in the amount of $2,232.00 payable to Local Loan Company. This deed of trust was stated to be second to the prior deed of trust dated July 30, 1959, securing First Federal, and was recorded on March 11, 1960. By its mortgagee policy No. 164159,

the complainant title company insured Local Loan Company against any defects in the title to the property described in the second deed of trust (Lot 12). The estate guaranteed was "fee simple" and the amount of the guaranty was $2,232.00. The only exception was the first deed of trust to secure First Federal. The reference to title was Book 1364, page 649, of the Register's Office of Hamilton County, Tennessee, which was the deed from Curtis C. Johnson, Jr. and wife, Helen L. Johnson. The policy as issued contained a subrogation clause whereby upon payment by the insurer under the policy, it became subrogated to all the rights of the insured to the extent of the payment.

Under the authority of the *Castleman Const. Co.* case, supra, the facts up to this point, plus payment by the insurer of a loss sustained because of the defective title, might have supported the claim of the complainant title company on the theory it was subrogated to all the rights of Local Loan Company as against all defendants. We find, however, the occurrences which immediately follow are such as to refute any claim of subrogation in this lawsuit.

By warranty deed, dated December 3, 1960, Claude L. Johnson and wife, Helen Johnson, conveyed Lot 12 to Local Loan Company. The deed was recorded on December 30, 1960, in Book 1431, page 113. This deed contains the usual warranties and covenants with the following exceptions: "except for deed of trust to J. M. Kemp, Trustee, for First Federal Savings and Loan Association of Chattanooga, securing one note dated July 30, 1959, recorded in Deed Book 1365, page 623, Register's Office of Hamilton County, Tennessee, to the lien of which deed of trust this conveyance is subject, and except for the lien of 1960 taxes". The consideration is recited as being $1.00 and other good and valuable considerations, receipt acknowledged. Federal Documentary Stamp of $2.20 is attached to this deed, and State Transfer Tax of $3.60 is stamped as paid

thereon; both figures indicate a consideration in the approximate amount of the debt owing to Local Loan Company.

The record reveals that on April 4, 1961 the complainant title company paid to Local Loan Company the sum of $2,154.26 as payment of a claim under the mortgagee title policy issued on the second deed of trust executed by Claude L. Johnson and wife, Helen Johnson. On the same date Local Loan Company delivered a quit claim deed conveying Lot 12 to the complainant title company.

The only testimony offered by the complainant title company as an explanation of the purpose of the warranty deed from Claude Johnson and wife to Local Loan was the testimony of an official of complainant, as follows:

"Q. All right. I hand you another document purporting to be Book 1431, page 113, and see what it is.

A. This is a deed from Claude L. Johnson and wife Helen to Local Loan Company and by background this deed was in lieu of foreclosure. Local Loan was considering purchasing the first mortgage note and paying it off and taking title to the property and Claude L. Johnson and wife conveyed to Local Loan subject to the first mortgage and then the title question came up and Local Loan decided not to buy the first mortgage."

On cross-examination the complainant's official further testified:

"Q. In 19— on the 3rd day of April, 1961, did not the Title Guaranty and Trust Company take a deed to this property from Local Loan Company?

A. At the time we took ——

Q. (Interposing) Just answer yes or not.

A. Yes.

Q. And Claude L. Johnson and wife Helen, previous to that, on the 3rd day

of December, 1960, had deeded all the interest they had in this property to the Local Loan Company?

A. Yes, sir.

Q. Had that deed been accepted and put on record?

A. Yes, sir.

Q. All right. Then Local Loan Company in settlement with Claude L. Johnson and wife Helen had accepted in December of 1960 a deed to all the couple's interest in this real estate?

A. Yes, sir.

Q. All right.

A. I said they accepted one. What interest it was, I don't know, but they accepted a deed from them."

From this testimony we must conclude that Local Loan Company accepted the deed dated December 3, 1960 from Claude L. Johnson and wife in settlement of their obligation to it, and in lieu of foreclosure. The deed dated December 3, 1960 also indicates this fact because it is a warranty deed, excepting only the first deed of trust which secured the loan made by First Federal.

■ Looking now to the position of the complainant title insurance company we find knowledge in the complainant, and in Local Loan Company, of the defect in title at some time between December 3, 1960 and April 4, 1961. We also find knowledge in the complainant title company that Local Loan Company had accepted the warranty deed dated December 3, 1960 from Claude L. Johnson and wife as settlement of the amounts due on the note secured by the second deed of trust. Where a mortgagee title policy is issued guaranteeing the title to land conveyed by a deed of trust given to secure a certain note, the payment or satisfaction of the note releases the obligations under the title policy. We conclude from the testimony

of the official of the complainant title company, and from the entire record, that the complainant title company knowingly paid Local Loan Company an amount of money not due.

■ The burden of proving that its equities are greater than the equities of the defendants rests upon the complainant asserting subrogation. We hold the complainant has failed to carry this burden, and further the record affirmatively reveals the greater equity in the defendants because the complainant for some unexplained reason knowingly paid an amount it did not owe and thereby claims rights of subrogation under an extinguished obligation.

■ The complainant title company instituted this lawsuit on January 22, 1970 by bill for original attachment against the land, and by service on the Secretary of State as against Curtis C. Johnson, Jr. and wife, Helen L. Johnson, both residents of the state of Florida. Some argument was presented to the Chancellor, and alluded to in this Court, that the service thus attempted under the "Long Arm Statute" was void. The argument becomes moot as to the personal service on these defendants because they did answer and made a general appearance. It therefore matters not whether any process ever issued. See: State ex rel. v. Collier (1930) 160 Tenn. 403, 23 S.W.2d 897.

■ On October 23, 1971, an order pro confesso, signed by the Clerk and Master, was entered as against Claude L. Johnson and wife, Helen Johnson. We fail to find an attorney of record for either of these two defendants, and the decree of the Chancellor treats them both as pro confessed. Claude L. Johnson did on February 2, 1970 file as an Answer a statement to the effect he gave up Lot 12 in cancellation of the debts owing on it. It is not necessary to decide if pro confesso was erroneously entered as to that defendant, because it has long been held in Tennessee

that where a joint defendant answers a bill, and by proof removes the matter of equity set up against himself and the other defendants who do not answer, there can be no decree against the defendants so failing to answer. Hennessee v. Ford (1847) 27 Tenn. 499; McDaniel v. Goodall (1865) 42 Tenn. 391; Three States Lumber Co. v. Blanks (1907) 118 Tenn. 627, 102 S.W. 79.

We hold that the defendants Curtis C. Johnson, Jr. and wife, Helen L. Johnson who answered, have by the proof removed the matters of equity set up against them and against their non-answering co-defendants Claude L. Johnson and wife, Helen Johnson. This conclusion is determinative of the claimed subrogated rights under the second deed of trust and note as executed by the defendants Claude L. Johnson and wife, Helen Johnson; and, also of the claimed subrogated rights under the warranties and covenants made in the deed dated July 9, 1959, executed by the defendants Curtis C. Johnson, Jr. and wife, Helen L. Johnson.

Our holding herein does not affect the rights of Local Loan Company against Claude L. Johnson and wife, Helen Johnson, on their false warranties as contained in their deed dated December 3, 1960; neither does it affect the liability of Curtis C. Johnson, Jr. and wife, Helen L. Johnson, under their false warranties as contained in their deed dated July 9, 1959. We do hold the clear intention of the creditor Local Loan Company, and the debtors Claude L. Johnson and wife, Helen Johnson, was to substitute the deed dated December 3, 1960 for the note secured by the insured second deed of trust. The complainant title company has no subrogated rights under the warranty deed to Local Loan Company; and, Local Loan Company had no rights under the extinguished second deed of trust to which the complainant could be subrogated.

It results the decree of the Chancellor is reversed, and the complainant's lawsuit is dismissed as to all defendants. All costs in the Chancery Court and in this Court are adjudged against the original complainant, the appellee herein.

The record reveals other conveyances and encumbrances of the property subsequent to the facts herein reviewed. Those conveyances and mortgages are not material to our decision on this appeal. The record further reveals the property has been sold, and the proceeds are being held by the Chancery Court pending the determination of the rights of the parties. We do not pass upon the validity of the conveyances not herein considered, nor do we adjudge a division of the money which purportedly represents the property sold. This cause is remanded to the Chancery Court of Hamilton County, Tennessee for such action as the law directs.

CARNEY, P. J., and NEARN, J., concur.