427 A.2d 215

**Esther Jane HOOPER, a/k/a Ester J. Hooper, a/k/a Mrs. William E. Hooper, Appellant,**

v.

**COMMONWEALTH LAND TITLE INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued March 11, 1980.

Filed March 13, 1981.

Harry R. Mayer, Drexel Hill, for appellant.

Kenneth T. Ulrich, Philadelphia, for appellee.

Before SPAETH, BROSKY and VAN der VOORT, JJ.

VAN der VOORT, Judge:

Appellant was the seller of a certain tract of real estate. Appellee issued a policy of title insurance to the third party buyer of appellant's tract. In conducting a title search appellee discovered a judgment of record against the seller in the amount of $37,155.09. At the time of closing, May 30, 1974, appellee withheld $37,155.09 from the vendor's proceeds from the sale. This amount was forwarded to the judgment creditor on the same day of settlement. The creditor failed to enter satisfaction of the judgment until March 10, 1977. On January 26, 1977, appellant applied for a loan but was denied the same because of the previously mentioned judgment. Appellant filed a Complaint in Trespass and/or Assumpsit on May 31, 1977, against the title insurance company. It was alleged that appellee failed to satisfy the judgment thereby causing appellant's credit standing to suffer.

Appellee, title insurance company filed preliminary objections in the nature of: a demurrer; non-joinder of a necessary party; a motion to strike; and failure to exercise a statutory remedy. The court sustained the objections in the nature of a demurrer and non-joinder of a necessary party. Leave was granted to appellant to file an amended complaint. The amended complaint followed the form of the original complaint with an added allegation that the circumstances gave rise to a promise on the part of the company to remove the judgment. Appellee's preliminary objections contained a demurrer and a claim of non-joinder of a necessary party. The preliminary objections were sustained and the seller was allowed to again amend her complaint. Appellant filed a notice of appeal to this Court of the order dismissing her complaint.

Appellant argues that there are three bases for imposing liability upon the company for the alleged damage to her credit rating:

1) there was a direct contractual relationship between the title company and the seller;

2) the seller was a third party beneficiary of the contract between the title company and the buyer; and

3) the title company's authority to receive the payment created a duty on its part to extinguish the debt.

These three contentions demonstrate only two theories for recovering from the title company: contractual, as a result of the title insurance contract; and assumption of a duty, resulting from the company's role as a conveyancer. The assumption of the duties of a conveyancer are independent of the contract to insure. *Henkels v. Philadelphia Title Insurance Co.*, 177 Pa.Super. 110, 110 A.2d 878 (1955). These two theories for recovery will be discussed separately.

■ I. "It is to be noted that the settlement certificate is not a policy of title insurance." *Id.*, 177 Pa.Super. at 114, 110 A.2d 878. Therefore, appellant's reliance on the settlement sheet to demonstrate a three party or a third party beneficiary title insurance contract is inappropriate. "For anyone to be a third party beneficiary entitled to recover on a contract both parties to the contract must so intend and must indicate that intention in the contract." *Silverman v. Food Fair Store*, 407 Pa. 507, 509, 180 A.2d 894, 895 (1962). "The question whether a contract was intended for the benefit of a third person is one of construction. The intention of the parties in this respect is determined by the terms of the contract as a whole, construed in the light of the circumstance under which it was made." *Id.*, 407 Pa. at 509, 510, 180 A.2d 909 (Citations deleted).

■ Since neither the sales contract[1] nor the contract of title insurance are part of the record we may not reliably interpret their meaning. We may note, however, that the company was not an actual party to the sales contract and the appellant was not an actual party to the insurance contract. We may also comment on the purpose of title insurance. "[T]he title insurance policy is designed to protect the insured from loss as to defects in *the title which he acquires* ...." Couch on Insurance 2d § 48:110 (emphasis

---

1. Appellant alleges that the sales contract requires the buyer to acquire title insurance.

added). To paraphrase, title insurance protects the buyer. The duty of the insurer runs only to its insured and not to third parties who are not a party to the contract. See *Gaines v. American Title Insurance Co.*, 136 Ga.App. 162, 220 S.E.2d 469 (1975). Therefore we can find no basis in the title insurance theory for imposing liability on the insurer for appellant's alleged loss.

II. Appellant argues that upon receiving the funds to satisfy the judgment, the company, acting as a conveyancer, assumed the duty of having the judgment marked satisfied, either in a capacity as agent of the creditor or by its role as a settlement agent.

■■■ "The burden of establishing an agency relationship rests with the party asserting it. *Girard Trust Bank v. Sweeney*, 426 Pa. 324, 231 A.2d 407 (1967)." *Apex Financial Corporation v. Decker*, 245 Pa.Super. 439, 369 A.2d 483 (1976). We find no basis in the record nor any persuasive authority for appellant's contention that appellee was acting as the creditor's agent. Merely because the appellee received the funds to satisfy the judgment does not make it an agent of the creditor. See *MacBrine-Adams Realty Co. v. Morris*, 129 Pa.Super. 604, 196 A. 511 (1938). We must agree with appellee that a prothonotary would be remiss in its duty if it entered satisfaction on advice of someone other than the judgment creditor itself. *Strauss v. Weinstein*, 203 Pa.Super. 389, 198 A.2d 631 (1964). It is also unlikely that a judgment creditor would issue a satisfaction piece prior to having actually received the amount owed. We hold that appellee was not acting in an agency relationship with the creditor.

Appellant's remaining claim is that as conveyancer the title company assumed the responsibility of making sure the judgment would be marked satisfied. The company disagrees, referring the Court to 42 Pa.C.S. § 8104(a) (formerly 12 P.S. § 971) which reads:

(a) General rule. A judgment creditor who has received satisfaction of any judgment in any tribunal of this Com-

monwealth shall, at the written request of the judgment debtor, <u>or of anyone interested therein</u>, and tender of the fee for entry of satisfaction, enter satisfaction in the office of the clerk of the court where such judgment is outstanding, which satisfaction shall forever discharge the judgment. (Emphasis added).

Appellee contends that the legislative intent was to limit the debtors remedies to those available against the creditor only. The statute itself does allow a title company to request a satisfaction piece (see underlined portion of statute), but the question here is whether there is a duty to so request and to institute legal proceedings on behalf of the debtor if the creditor refuses to mark it satisfied.

██ Our Supreme Court approved a lower court's holding that 12 P.S. § 971 (the predecessor to 42 Pa.C.S. § 8104(a)) was the exclusive remedy for the failure of a judgment holder to enter satisfaction; and that no common law action would lie. *Oberholtzer v. Hunsberger*, 1 Mona. 543 (1889). We agree. To allow appellant to sue the title company would circumvent the legislation. The legislature has established an orderly procedure for having those judgments marked satisfied which have been satisfied but which the creditors have failed to mark satisfied. Appellant's cause of action is inconsistent with the legislatively created procedure. A debtor who is prohibited from suing his creditor without first making a request to have satisfaction entered, could, according to appellant, sue, without previous notice, the middleman who conveyed the money from the debtor to the creditor.

██ We hold that payment to the judgment creditor releases the settlement agent or conveyancer from any further obligations with respect to the creditor's duty to satisfy the lien of the judgment. See *Title Guaranty & Trust Co. v. Johnson*, Tenn.App., 485 S.W.2d 764 (1972).

Order affirmed.