## Herdelin v. Rosen

*Daniel J. Zucker*, for plaintiff.

*Victor A. Young*, for defendants Joseph and Lillian Rosen.

*William J. Ryan Jr.*, for defendant William J. Ryan.

KEELER, *J.*, July 13, 1988 — Plaintiff, Robert Herdelin, borrowed $125,000 from defendants, Jo-

seph and Lillian Rosen, on or about November 27, 1981, in order to purchase certain real estate. The loan was secured by both a promissory installment note and a judgment. The judgment was entered in the Court of Common Pleas of Philadelphia County for the full amount of the loan. Additional defendant, William J. Ryan Jr., Esq. provided legal services to defendants and plaintiff with regard to the entire loan transaction.

Although the loan was repaid on June 13, 1983, the judgment was not marked satisfied until August 19, 1985. Plaintiff brought suit February 26, 1986, against defendants, alleging the following six counts:

(I) violation of 13 Pa.C.S. §3419 for conversion, by failing to return and/or discharge the note;

(II) breach of common law contractual duty to satisfy and discharge the note and indexed judgment;

(III) intentional and wrongful interference with existing contractual relationships;

(IV) intentional and wrongful interference with prospective contractual relationships;

(V) punitive damages for the willful and malicious interference with existing and prospective contractual relationships; and

(VI) violation of 42 Pa.C.S. §8104(a), for failure to satisfy the indexed judgment.

On May 1, 1987, defendants joined the additional defendant, William J. Ryan Jr., Esq. This court on December 1, 1987, granted a motion for partial judgment on the pleadings dismissing Count I of plaintiff's complaint relating to conversion. Defendants have now moved for partial summary judgment on counts III, IV, and V and seek a transfer of the case to Philadelphia County. Additional defen-

dant joined in the motion for partial summary judgment.

## I

Before a court may grant summary judgment, it must find that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Rybas v. Wapner,* 311 Pa. Super. 50, 457 A.2d 108 (1983). In the present case, defendants and additional defendant allege that plaintiff's claims, with respect to counts III, IV, and V, are barred by the two-year limitation period. See 42 Pa.C.S. §5524 (3) and (7) (Purdon Supp. 1988). In contrast, plaintiff argues that a six-year limitations period is applicable. See 42 Pa.C.S. §5527 (6). In the alternative, plaintiff asserts that defendants' actions constituted a continuous tort which suspends the running of the statute of limitations until the tortious conduct ceases. See *Daniels v. Beryllium,* 211 F.Supp. 452 (E.D. Pa. 1982) (discussing termination of continuing tortious conduct); *Cathcart v. Keene Industrial Insulation,* 324 Pa. Super. 123, 471 A.2d 493 (1984) (same).

Since this case concerns tortious conduct which caused injury to plaintiff's property, the two-year limitation is applicable. 42 Pa.C.S. §5524 (7). The issue then becomes whether defendants' failure to have the satisfaction entered was a continuous tort which would postpone the running of the two-year limitations period.

In this case, the wrong was the failure to enter satisfaction of the judgment after payment. The Pennsylvania Supreme Court has held that a cause of action accrues, for the purposes of the running of the statute of limitations, when a cause of action could have first been maintained to a successful

conclusion. *Kapil v. Association of Pennsylvania State College and University Faculty,* 504 Pa. 92, 99, 470 A.2d 482, 485 (1983). Although defendants breached a continuous duty to have the judgment satisfied, plaintiff could have initiated legal action against defendants on or before September 3, 1983, when plaintiff allegedly suffered injuries resulting from defendants' inaction. Plaintiff's letter to defendants on September 3, 1983, confirms this fact by stating, "This is severely blocking my credit as well as my ability to sell, buy, or refinance." Plaintiff also stated that soon after the loan was paid that the failure to enter satisfaction was a "black mark against my credit."

Plaintiff should have brought his suit within two years from the date of the letter in order to prevent the statute of limitations from barring his claim. A contrary conclusion would permit potential plaintiffs to circumvent the statute of limitations by characterizing their cause of action as "continuous" and would ignore the fact that the tortious conduct (the failure to enter satisfaction) easily could have been stopped at an earlier date. Had plaintiff in this case petitioned the Court of Common Pleas of Philadelphia County to have the satisfaction entered soon after he wrote the letter to defendants, he would have avoided further injury. The mere existence of section 8104 which was designed to prevent the "continuous" tort of failing to enter satisfaction serves to distinguish this situation from the cases cited by plaintiff in support of his continuous tort theory. See *Daniels v. Beryllium,* 211 F.Supp. 452 (E.D. Pa. 1982) (continuous beryllium poisoning); *Cathcart v. Keene Industrial Insulation,* 324 Pa. Super. 123, 471 A.2d 493 (1984) (continuous asbestos poisoning).

Plaintiff chose to take no action until February 26, 1986, and should not be rewarded for his neglect. Since plaintiff did not file suit within two years from the time he admitted to suffering injuries and, therefore, had a completed cause of action, plaintiff's claims in counts II, IV, and V are untimely. Defendants' motion for partial summary judgment on these counts is hereby granted.

## II

Defendants' motion to transfer the case alleges that this court is without jurisdiction to hear and adjudicate the issue of liquidated damages. Defendants argue that legislation granting exclusive jurisdiction to the court which entered the judgment preempts this court's ability to act in this case. In short, defendants claim that the Court of Common Pleas of Philadelphia County has sole jurisdiction to hear plaintiff's claim.

The statute provides, in part: "Such liquidated damages [for the failure to mark a judgment satisfied] shall be recoverable pursuant to general rules, by supplementary proceedings in the matter in which the judgment was entered." 42 Pa.C.S. §8104 (b). The issue is whether or not the statute requires the judgment debtor to bring this type of action as a supplementary proceeding to the matter in which the judgment was entered.

In deciding whether something directed to be done by statute is mandatory or directory, the court must determine if the directive is the essence of the action required. *In re Nomination Papers of American Labor Party*, 352 Pa. 576, 579, 44 A.2d 48, 49 (1945). If the matter requiring action is directory, the statute need not be followed to have a valid proceeding. *Id.*

The Legislature provided an exclusive procedure for seeking redress as a result of the judgment debtor's failure to have a judgment marked satisfied. In selecting the statute's language, the Legislature used the word "shall" to describe how the action should be brought. While the word "shall" may be interpreted as mandatory or directory, it will usually be considered to be mandatory, unless it refers to the time in which a public official must act. *Francis v. Corleto,* 418 Pa. 417, 211 A.2d 503 (1965). The Legislature's choice of words as well as the exclusive nature of the provision for bringing the action evidences a legislative intent to ensure the action is brought in the manner prescribed. Since there is nothing to suggest otherwise, the specified procedure must be assumed to be the essence of the thing required and should be strictly followed.

Such a finding does not prejudice plaintiff in bringing his action. A claim which is mistakenly brought in a court in the commonwealth which does not have jurisdiction should be transferred to the proper tribunal, where it will be treated as if it was originally filed there. 42 Pa.C.S. §5103 (Purdon Supp. 1988). In compliance with this rule, plaintiff's claim should be transferred to the Court of Common Pleas of Philadelphia County, where the original judgment was entered. The matter should then proceed as a supplementary action as specified by statute. 42 Pa.C.S. §8104.

We must also consider whether the Legislature enacted section 8104 in lieu of or in addition to all other claims for the failure to file a satisfaction of a judgment. The express language of section 8104 suggests it was meant to be the exclusive remedy available to ensure that a judgment creditor will comply with a debtor's proper request to enter satisfaction of judgment. Such a finding comports with

an elementary concept of statutory interpretation that where a statute provides an adequate remedy, it is exclusive, and no common law form of action can be sustained. 1 Pa.C.S. §1504 (Purdon Supp. 1988). Scrutiny of count II of plaintiff's complaint reveals that plaintiff's attempt to recover for breach of the common law contractual duty to satisfy the note and the judgment, is the same claim for which section 8104 provides the remedy. Both claims seek recovery for defendants' failure to have satisfaction entered. The case law interpreting section 8104's predecessor supports the position that the legislative enactment provides the exclusive remedy for failure to enter satisfaction. *Hooper v. Commonwealth Land Title Insurance Company,* 285 Pa. Super. 265, 270, 427 A.2d 215, 217-8 (1981). Given this statutory and case law background, this court finds that section 8104 constitutes the sole remedy for the failure of a judgment creditor to enter satisfaction of a judgment. Therefore, count VI of plaintiff's complaint is his exclusive remedy and is hereby transferred to the Court of Common Pleas of Philadelphia County, for disposition as a supplementary proceeding to the case in which the judgment was entered.